F I L E D
United States Court of Appeals
Tenth Circuit

JUN 5 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ARLAND BIRL MILLWOOD,

Petitioner-Appellant,

v.

RON CHAMPION,

Respondent-Appellee.

No. 99-6284
(D.C. No. CIV-97-911-C)
(W.D. Okla.)

ORDER AND JUDGMENT  *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Petitioner Arland B. Millwood appeals the district court's dismissal of his

petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2245.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Because petitioner has not made a substantial showing of the denial of a constitutional right, we deny his request for a certificate of appealability and dismiss the appeal.

Petitioner is currently serving Oklahoma state sentences for rape after former conviction of a felony, and forcible sodomy after former conviction of a felony. His convictions were affirmed on direct appeal in July 1986. On July 6, 1995, petitioner filed an application for state post-conviction relief in the Oklahoma state court, claiming that his appellate counsel was ineffective and that the state trial court should have sua sponte ordered DNA fingerprint testing. On November 28, 1995, the state district court denied relief. On January 4, 1996, the Oklahoma Court of Criminal Appeals dismissed petitioner's appeal for failure to attach a certified copy of the district court's denial, as required by the local rules.

On January 12, 1996, petitioner filed a petition for a writ of habeas corpus in the federal district court, alleging the state appellate court's dismissal of his post-conviction appeal denied him due process. The federal district court dismissed the petition for failure to exhaust state remedies. Petitioner did not appeal this dismissal.

On May 20, 1996, petitioner filed a "motion for reissuance of order," which the state court construed as a motion to appeal out of time and denied. The Oklahoma Court of Criminal Appeals affirmed the denial because petitioner again

-2-

failed to attach certified copies of the state district court's orders, and thus there was nothing to review.

On June 4, 1997, petitioner filed this habeas petition with the federal district court. The matter was referred to a magistrate judge who recommended dismissing the petition based on petitioner's procedural default in the state court. The district court adopted the recommendation and dismissed the petition with prejudice. This appeal followed. [1]

To obtain appellate review, petitioner must secure a certificate of appealability by making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Petitioner argues on appeal that (1) the district court erred in finding his claims procedurally defaulted because his petition was timely filed; (2) he showed cause for his procedural default because he satisfied the procedural requirements of timeliness and place of filing and because the state did not provide him with a certified copy of the order denying post-conviction relief; and (3) he has shown actual innocence.

---

[1] On August 10, 1999, we issued a show cause order, questioning our jurisdiction in this case. Upon examining the responses by petitioner and respondent, we are satisfied that petitioner's notice of appeal was delivered to prison officials within the time to appeal, and thus we have jurisdiction over this appeal. See Fed. R. App. P. 4(c) (providing a pro se prisoner's notice of appeal is deemed filed when it is delivered to prison officials).

After reviewing petitioner's brief and the record, we conclude he has not met the requirements for issuance of a certificate of appealability. Petitioner's procedural default stemmed from his failure to attach a certified copy of the state district court's post-conviction denial to his appeal. It is irrelevant that his state appeal and federal petition were timely and were filed in the proper places. Although the state court's alleged failure to supply petitioner with a certified copy of its decision is relevant to the issue of cause for his procedural default, petitioner did not submit evidence to establish this fact. He also did not supply any evidence showing that he is actually innocent of the crimes for which he was convicted.

Accordingly, petitioner's motion for a certificate of appealability is denied and the appeal is dismissed.

Entered for the Court

Michael R. Murphy
Circuit Judge

-4-